## National Bank of Broken Bow, Nebraska, v. Daniel B. Freeman et al.

1. SOLICITOR'S FEES—*Proof of Employment.*—When a party employs a solicitor, it is not necessary that a specific contract of hiring should be shown.

2. DAMAGES—*On Dissolution of Injunction, Where the Solicitor Has Not Been Paid.*—A party may obtain an allowance, upon a suggestion of damages, for a reasonable sum for the fees of his solicitor, although not previously paid, if he has become liable to pay the same.

**Suggestion of Damages,** on the dissolution of an injunction. Appeal from the·Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed February 27, 1900.

ROGERS & MAHONEY and FREDERICK A. WILLOUGHBY, attorneys for appellant.

ARNOLD HEAP, attorney for appellees.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

. Appellant filed a creditor's bill in the Circuit Court and procured the issuance of an injunction thereon. Upon the motion of appellees the injunction was dissolved. Thereupon, by leave of court, appellees filed suggestion of damages for the wrongful issuing of said injunction. Upon a hearing, the court below allowed to appellees as such damages, the sum of $50, being the amount claimed for solicitor's fees. To reverse the order allowing such damages appellant brings the case to this·court.

Two points are here presented. by appellant: (1) that the evidence is not sufficient to support the finding, and (2) that the evidence does not show that a solicitor was employed by appellees.

First. The testimony of the five witnesses examined·as to the value of the solicitor's services in procuring the dissolution of said injunction—three called by appellees and

two by appellant—vary in amount from $25 to $100.   The solicitor for appellees testified that he had charged his clients $100.   The finding by the Circuit Court is supported by the testimony.

Second.   Had appellees employed a solicitor?   It is not necessary that a specific contract of hiring should be shown. When a party has not paid his solicitor he may obtain an allowance, upon a suggestion of damages, as in the case at bar, for a reasonable sum for the fees of such solicitor, although not previously paid, if the party has become liable to pay the same.   The transcript shows that the appearance of appellees was entered by Arnold Heap as their solicitor; that a demurrer to the bill and afterward an answer thereto by appellees were filed by said solicitor; that there are five different notices to the solicitors for appellant signed by said Heap, as solicitor for appellees; and the record entry of the order appealed from states that appellees approved by their said solicitor.   Although appellees can not recover upon said suggestion of damages for the services of their solicitor in all of the proceedings referred to, yet the appearance of their solicitor in those proceedings may be considered in determining whether he was in fact their solicitor in said cause, and whether they are liable for his services.   These facts, together with the testimony of said Heap that he had charged appellees $100 for his services in procuring the dissolution of said injunction, are *prima facie* sufficient to show the employment of and liability to said solicitor by appellees.

We perceive no error which would justify a reversal of said order.   The judgment of the Circuit Court is affirmed.